Ex. C

CAUSE NO. **C-0637-21-F** _____

| | | |
|---|---|---|
| EL GAVILAN INVESTMENTS, LLC<br>*Plaintiffs* | § § § | IN THE DISTRICT COURT |
| VS. | § § | _____ JUDICIAL DISTRICT |
| WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY, A CHUBB<br>COMPANY<br>*Defendant* | § § § § § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EL GAVILAN INVESTMENTS, LLC**,** complaining of **WESTCHESTER SURPLUS LINES INSURANCE COMPANY, A CHUBB COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant Westchester Surplus Lines Insurance Company, A Chubb Company is a Georgia Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant because they have continuous and systematic contact with the State of Texas, engage in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of their business activities in the State of Texas. Venue is proper in this county

Case 7:21-cv-00104   Document 1-3   Filed on 03/23/21 in TXSD   Page 2 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0637-21-F**

because the insured Properties is situated in Hidalgo County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of Insurance Policy number FSF14934649 001 (hereinafter referred to as "the Policy"), which was issued by Westchester Surplus Lines Insurance, a Chubb Company (hereinafter after referred to as "Westchester").

6. Plaintiff owns the following properties which were all damaged on the same storm, and thereafter collectively connected into one claim with claim number KY20K2393974, located at:

    a.    **2302 Lusby St., Mission, Tx 78572 (Building 1)**

    b.    **614 W Sycamore Ave., Alton, Tx 78573 (Building 2)**

    c.    **310 N Slabaugh Ave., Mission, Tx 78572 (Building 3)**

    d.    **622 W Sycamore Ave., Alton, Tx 78573 (Building 4)**

    e.    **7108 Minnesota Rd., mission, Tx 78572 (Building 5)**

    f.    **1301 W Saint Francis Ave., Alton, Tx 78573 (Building 6)**

(hereinafter referred to as "the Properties").

7. Westchester Surplus Lines Insurance, a Chub Company sold the Policy insuring the Properties to Plaintiff.

8. On or about May 8, 2020, Plaintiff sustained extensive physical damage to the insured Properties. On this date, a strong supercell thunderstorm moved through the Alton and Mission, Texas area producing heavy rains, and damaging wind and hail.

Case 7:21-cv-00104   Document 1-3   Filed on 03/23/21 in TXSD   Page 3 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Properties as a result of the May 8, 2020 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Properties to the Defendant Westchester. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Properties, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the Properties. As a result, Plaintiff has not been paid the full value of the damages suffered to their home.

12. Defendant Westchester failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged Properties, Defendant Westchester has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Westchester's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Westchester has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Westchester's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

Case 7:21-cv-00104   Document 1-3   Filed on 03/23/21 in TXSD   Page 4 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

14. Defendant Westchester's failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Westchester's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Westchester's failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Westchester failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Westchester did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Westchester's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Westchester's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Westchester failed to conduct a reasonable investigation. Specifically, Defendant Westchester performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties. Defendant Westchester's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Westchester failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Westchester's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Westchester failed to meet its obligations under the Texas Insurance Code

Case 7:21-cv-00104 Document 1-3 Filed on 03/23/21 in TXSD Page 5 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Westchester's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented her claim to Defendant Westchester, the liability of Defendant Westchester to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Westchester has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Westchester's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Westchester knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant Westchester's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Westchester

22. Defendant Westchester is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Westchester's conduct constitutes a breach of the insurance contract made

Case 7:21-cv-00104   Document 1-3   Filed on 03/23/21 in TXSD   Page 6 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

between Defendant Westchester and Plaintiff.

24. Defendant Westchester's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Westchester's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Westchester's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Westchester's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Westchester's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Westchester's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Westchester's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

Case 7:21-cv-00104 Document 1-3 Filed on 03/23/21 in TXSD Page 7 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

29. Defendant Westchester's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Westchester's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

**Breach of the Duty of Good Faith and Fair Dealing**

31. Defendant Westchester's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Westchester's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Westchester knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**Fraud**

33. Defendant Westchester is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Westchester knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and

Case 7:21-cv-00104 Document 1-3 Filed on 03/23/21 in TXSD Page 8 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Properties, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Westchester's mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

Case 7:21-cv-00104   Document 1-3   Filed on 03/23/21 in TXSD   Page 9 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages.  Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over two-hundred fifty thousand dollars ($250,000.00) and less than one-million dollars. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Initial Disclosures

49. Under Texas Rule of Civil Procedure 194.2, Plaintiff request that Defendant discloses, within 30 days of the filing of the first answer being filed, the information or material described in Rule 194.2.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057

Case 7:21-cv-00104   Document 1-3   Filed on 03/23/21 in TXSD   Page 11 of 11

Electronically Filed
2/22/2021 12:00 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0637-21-F

(800) 507-4152 FAX

By: _____

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

CELESTE GUERRA
State Bar No. 00795395

ATTORNEYS FOR PLAINTIFFS